UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID JAMES PANGBORN,

    Plaintiff,

CDCR, et al..

    Defendants.

No. 2:22-cv-1985 TLN DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants removed this case from state court and paid the filing fee. Before the court is defendants' request for screening of plaintiff's complaint. That request will be granted. For the reasons set forth below, this court finds plaintiff has stated cognizable claims against defendant Boulden but has failed to state claims against the remaining defendants. Plaintiff will be given an opportunity to either amend his complaint or proceed on the cognizable claims in his current complaint.

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

2

which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Analysis

### A. Allegations of the Complaint

Plaintiff is incarcerated at California State Prison, Sacramento. He complains of conduct that occurred there in May and August 2022. Plaintiff identifies three defendants: the California Department of Corrections and Rehabilitation ("CDCR"), Warden Jeff Lynch, and Correctional Lieutenant Boulden.

Plaintiff alleges the following. On May 3, 2022 and again on August 1, 2022, defendant Boulden called plaintiff a snitch in front of other inmates and threatened to beat plaintiff to death if he filed any more grievances. Boulden did so by the order of CDCR and defendant Lynch. He was retaliating against plaintiff for filing grievances. Boulden also falsified documents which resulted in plaintiff's staff complaints being labeled unsubstantiated and no employee received disciplinary action. Plaintiff contends he was denied the right to the fair and impartial consideration of his grievance.

Plaintiff further alleges that Boulden, in tandem with Lynch and CDCR, destroyed video footage of both incidents to prevent him from being able to substantiate his grievances.

Plaintiff labels his claims as negligence, retaliation, and intentional infliction of emotional distress. He contends he suffered emotional distress and the loss of earnings because other prisoners stopped purchasing his artwork when they heard he was a snitch. Plaintiff seeks compensatory and punitive damages.

### B. Does Plaintiff State Cognizable Claims?

First, CDCR is not a proper defendant in this action for at least two reasons. The Eleventh Amendment bars suit against CDCR under § 1983. See Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984). In addition, CDCR is not a person. The Civil Rights Act under which this action was filed provides for suit only against a "person" acting "under color of" state law. 42 U.S.C. § 1983; see also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011) This court will recommend CDCR be dismissed from this action.

With respect to defendant Boulden, plaintiff has adequately stated a claim that Boulden retaliated against him. Plaintiff has alleged facts showing : (1) a state actor took an adverse action against him (2) because of (3) his exercise of protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations that Boulden intentionally called him a snitch and threatened to kill him to cause him emotional distress are minimally sufficient to state a state law tort claim for intentional infliction of emotional distress. See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (setting out California standards for claim of intentional infliction of emotional distress). While plaintiff also labels his claim as one for negligence, based on the facts alleged, Boulden's actions were intentional and intentional infliction of emotional distress is the more appropriate claim.

Plaintiff's contention that Boulden falsified documents which caused plaintiff's staff complaint to result in no disciplinary action does not state a claim under § 1983 for several reasons. First, the falsification of a report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Second, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. CIV F–05–1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Finally, a failure to reprimand does not alone state a claim under § 1983 because plaintiff does not have a constitutional right to have staff reprimanded. See Blue v. Davis, No. C05-0315-TSZ-JPD, 2006 WL 1519287, at *3 (W.D. Wash. May 25, 2006).

To the extent plaintiff is attempting to state a claim that Boulden violated prison regulations by destroying the video and/or by his other actions, plaintiff is advised that the violation of prison

4

rules or regulations is not cognizable under § 1983 unless it rises to the level of a violation of a constitutional right. See Davis v. Scherer, 468 U.S. 183, 192 (1984); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of a federal constitutional right).

With respect to plaintiff's allegations against defendant Lynch, they are insufficient to state a cognizable constitutional claim under § 1983. As stated above, plaintiff's allegations regarding destruction of the video do not state a constitutional claim. Plaintiff's allegation that Lynch "ordered" Boulden to retaliate against plaintiff is too vague and conclusory. To state a claim, plaintiff must allege facts showing just how a defendant is personally involved in the constitutional violation. Plaintiff does not allege any facts that would show Lynch was involved in Boulden's acts of retaliation.

**CONCLUSION**

This court finds above that plaintiff has stated cognizable claims against defendant Boulden for retaliation and intentional infliction of emotional distress. However, plaintiff fails to state a plausible claim against defendant Lynch and his claim against defendant CDCR is not cognizable in this action.

Plaintiff has a choice. He may proceed on his retaliation and intentional infliction of emotional distress claims against Boulden or he may amend his complaint to attempt to also state claims against defendant Lynch. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff

////

1 need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a
2 short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

3     Any amended complaint must show the federal court has jurisdiction, the action is brought in
4 the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a
5 request for particular relief. Plaintiff must identify as a defendant only persons who personally
6 participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v.
7 Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
8 constitutional right if he does an act, participates in another's act or omits to perform an act he is
9 legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of
10 official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d
11 266, 268 (9th Cir. 1982) (citations omitted).

12     In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R.
13 Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R.
14 Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
15 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

16     The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
17 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
18 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
19 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be
20 set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema
21 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
22 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

23     An amended complaint must be complete in itself without reference to any prior pleading.
24 E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.
25 By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
26 evidentiary support for his allegations, and for violation of this rule the court may impose
27 sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.
28 ////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendants' request for screening of the complaint (ECF No. 3) is granted.

2. Plaintiff has stated cognizable claims against defendant Boulden for retaliation and for intentional infliction of emotional distress.

3. Plaintiff fails to state a cognizable claim against defendant Lynch.  His claims against Lynch are dismissed with leave to amend.

4. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

5. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Further, IT IS RECOMMENDED that defendant CDCR be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/civil rights/S/pang1985.scrn lta or proceed

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES PANGBORN,<br><br>           Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>           Defendants. | No. 2:22-cv-1985 TLN DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his claims in the complaint for retaliation and intentional infliction of emotional distress against defendant Boulden. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

                                            Plaintiff David James Pangborn, Pro Se