UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES PANGBORN, | No. 2:22-cv-1985 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. In an order filed November 16, 2022, this court found plaintiff stated cognizable claims against defendant Bouldry[1] for retaliation and for intentional infliction of emotional distress. This court further found plaintiff failed to state a claim against defendant Lynch. Finally, this court recommended defendant CDCR be dismissed. (ECF No. 6.) Plaintiff was given the option of: (1) proceeding on his claims for retaliation and intentional infliction of emotional distress against Bouldry; or (2) filing an amended complaint to attempt to also state a claim against Lynch. In a document filed November 28, 2022, plaintiff informed the court that he wishes to proceed on his two claims against defendant Bouldry. Plaintiff also stated that he understands that by choosing

---

[1] In his complaint, plaintiff identified this defendant as "Boulden." The Notice of Intent to Waive Service filed by the Department of Corrections identifies the defendant as Joshua Bouldry. This court assumes plaintiff's identification was simply a misspelling. However, if plaintiff feels that Joshua Bouldry is not his intended defendant, he shall inform the court immediately.

1

to proceed only on his claims against Bouldry, he is voluntarily dismissing all other claims. (ECF No. 8.) Based on plaintiff's wishes, defendant Lynch was dismissed from this case.[2]

Below, this court addresses two issues that have recently arisen in this case.

**I. Status of Plaintiff's Request for Legal Materials**

On December 12, 2022, plaintiff sought a court order requiring the prison to provide him with his legal materials and other things he requires to litigate this case. (ECF No. 9.) In a January 4, 2023 order, this court directed the Deputy Attorney General ("DAG") to contact the litigation coordinator at California State Prison, Sacramento ("CSP-Sac"), to determine the status of plaintiff's requests for his legal property and other items and file a report. In a response filed January 19, the DAG stated that she spoke with Correctional Officer Swinney, who informed her that after plaintiff filed his motion, plaintiff exchanged legal materials in his cell for new legal materials and that plaintiff had possession of a typewriter and extension cord. (ECF No. 15.)

In a document filed January 30, plaintiff states that he has requested a property exchange twice and still does not have his legal property. (ECF No. 16.) It does not appear that the DAG previously spoke with the litigation coordinator at CSP-Sac, as directed by the court in the January 4 order. The DAG will be directed to do so and provide a declaration from the litigation coordinator about the status of plaintiff's request for his legal materials in this case.

Also in the January 30 document, plaintiff requests a settlement conference. Plaintiff's request is premature. This court will consider whether a settlement conference is appropriate after defendant Bouldry submits a waiver of service of process.

**II. Status of Defendants**

In the January 19 filing, the DAG states that the office is specially appearing because only CDCR and Lynch have been served and both have been dismissed. According to the Deputy Attorney General, no other defendants have been served or requested representation from the Attorney General's Office. First, as noted above, while plaintiff indicates that he agrees to

---

[2] CDCR remains in the case until the district judge rules on the recommendation that it be dismissed. However, plaintiff's statement that he wishes to proceed only on the claims against Bouldry indicates that he does not oppose this court's recommendation that CDCR be dismissed.

dismissal of CDCR from this action, CDCR remains a defendant until the district judge rules on this court's recommendation that CDCR be dismissed.  Defendants are correct that defendant Lynch has been dismissed.  Second, as plaintiff points out, it appears that defendant Bouldry was served when the case was in state court.  (See ECF No. 16 at 5.)  However, the notice of removal filed by defendants stated that only CDCR and Lynch had been served.  (ECF No. 1 at 3.)  In any event, CDCR recently filed a notice that Bouldry will waive service.  (ECF No. 17.)  The waiver is due March 3.  That waiver should clear up any confusion regarding Bouldry's status and representation in this case.

        For the foregoing reasons, IT IS HEREBY ORDERED that:

        1. Within twenty days of the filed date of this order, the DAG shall contact the litigation coordinator at CSP-Sac, obtain a declaration from the litigation coordinator about the status of plaintiff's requests for his legal materials in this case, and file a report, including that declaration.

        2. Plaintiff's request for a settlement conference (ECF No. 16) is denied as premature.

Dated:  February 5, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/pang1985.sts or

3